UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14032-Cannon/McCabe

KELLI SUSSAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Plaintiff's Attorney's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) ("Motion"), which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 18, DE 19). The Commissioner filed a response to the Motion indicating that he neither supports nor opposes the fees requested. (DE 20 at 1). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED.**

**I.    BACKGROUND**

On February 8, 2017, Plaintiff filed an application for social security disability benefits, alleging a disability period commencing on January 1, 2017. (DE 18 at 2). The Commissioner denied the application at the lower levels, prompting Plaintiff to request a hearing before an Administrative Law Judge ("ALJ"). (DE 18 at 3). Following the hearing, on July 31, 2019, ALJ Laura Bernasconi issued a decision denying benefits. (DE 18 at 3). Plaintiff appealed ALJ Bernasconi's decision to this Court. *See Sussan v. Commissioner*, No. 20-CV-14286 (S.D. Fla.). On May 17, 2021, United States Magistrate Judge Shaniek Maynard reversed ALJ Bernasconi's

decision and remanded the matter back to the Commissioner. *Id*. at DE 26.

A second administrative hearing took place before ALJ Ryan Kirzner on September 1, 2022. (DE 18 at 3). Following this second hearing, ALJ Kirzner issued a partially favorable decision finding that Plaintiff was entitled to disability benefits as of March 22, 2020, but not before that date. (DE 18 at 3). Plaintiff appealed the unfavorable portion of ALJ Kirzner's decision to this Court by way of the instant action. (DE 1).

On May 14, 2023, the Commissioner filed an Unopposed Motion for Entry of Judgment, conceding that ALJ Kirzner's decision should be reversed and that the case should be remanded back to the Commissioner for further proceedings. (DE 13). The District Judge thereafter entered a Final Judgment in Plaintiff's favor and remanded the case. (DE 14, DE 15).

Following remand, the Commissioner determined (in a departure from ALJ Kirzner's earlier decision) that Plaintiff was disabled as of February 8, 2017. (DE 18 at 3). As such, on July 24, 2024, the Commissioner issued a Notice of Award announcing his intention to pay Plaintiff $27,951.00 in back payments. (DE 18 at 3).

This Motion followed, whereby Plaintiff's counsel seeks approval to collect a contingency fee equal to 25% of the back pay award, i.e., $6,987.75. (DE 18 at 7). Plaintiff's counsel acknowledges that he must refund to Plaintiff $868.08 already recovered pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (DE 18 at 4).

## II. LEGAL STANDARD

Under 42 U.S.C. § 406(b)(1)(A), "[w]henever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…."

In evaluating an attorney's request under § 406(b), this Court must follow the framework set forth in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

In *Gisbrecht*, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. *Gisbrecht* requires a claimant's attorney to show the requested fee "is reasonable for the services rendered." *Id.* In assessing reasonableness, "the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. "If the benefits [resulting from the contingency fee] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to] … disallow windfalls for lawyers." *Id.*

In determining reasonableness, courts should also consider the risks of the litigation, the attorney's experience, the percentage of past-due benefits the requested fees would consume, the value of the action to the claimant, the difficulty of the action, and the claimant's consent to the requested fee. *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010); *see, e.g.*, *Gilbert v. Comm'r*, No. 3:17-CV-588-J-PDB, 2020 WL 6044530, at *1-2 (M.D. Fla. Oct. 13, 2020). Also, to avoid a double recovery of attorney's fees, any award of fees under § 406(b) must be offset by the amount of any prior award of fees under the EAJA. *Gisbrecht,* 535 U.S. at 796; *see also Sterling v. Astrue*, No. 09-60337-CIV, 2010 WL 3658994, at *2 (S.D. Fla. Aug. 19, 2010).

## III. DISCUSSION

Based on the Court's review of the entire record and docket, as well as its consideration of all the relevant factors, the Court finds the total amount of fees sought—$6,987.75—to be reasonable. The Court bases this decision on several factors discussed below.

First, Plaintiff's attorney seeks these fees pursuant to a signed retainer agreement that allows the attorney to collect up to 25% of the withheld benefits. (DE 18-3). The Eleventh Circuit has previously recognized that fees earned under contingency fee agreements are "presumptively reasonable." *Gossett v. Commissioner*, 812 F. App'x 847, 850 (11th Cir. 2020).

Second, Plaintiff's attorney undertook significant risk in this matter. By the time Plaintiff's attorney filed the instant action, Plaintiff's case had already been denied (or partially denied) by two different ALJs and by multiple layers of internal review by the Commissioner. Had the case not succeeded, of course, Plaintiff's attorney would have been paid nothing.

Third, Plaintiff's attorney demonstrated tenacity and skill by persisting with this disability case over many years, involving multiple administrative hearings and appeals to the district court. The success achieved in the instant action resulted from a years-long relationship with Plaintiff and knowledge of the litigation history of the case that is not fully reflected in the number of hours spent on the immediate matter.

The Court recognizes that Plaintiff's attorney spent only 3.75 hours on the instant case, which converts to an effective hourly rate of $1,632 per hour. (DE 18-1).[1] The Court has carefully considered whether this effective hourly rate might constitute a windfall but concludes it does not. This rate, though high, falls within the ballpark of other effective hourly rates approved by district courts in Florida. *See, e.g.*, *Delano v. Saul*, No. 17-14090-CIV, 2021 WL 9682234, at *1 (S.D.

---

[1] ([Contingency Fee of $6,987.75] – [EAJA Fees to be Refunded of $868.08]) ÷ (3.75 hours) = $1,632.

Fla. June 21, 2021) (approving effective hourly rate of $1,248.11); *Taggart v. Comm'r of Soc. Sec.*, No. 9:18-CV-80757, 2021 WL 86809, at *2 (S.D. Fla. Jan. 11, 2021) (approving effective hourly rate of $1,630.50); *Amador v. Comm'r of Soc. Sec. Admin.*, No. 8:16-CV-3271-T-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving effective hourly rate of $1,279.00).

Next, as discussed, Plaintiff's attorney had a years-long relationship with Plaintiff and a deep knowledge of the litigation history of the case.  This relationship and experience enabled Plaintiff's attorney to achieve, in a short period of time, a result that less knowledgeable and less experienced lawyers would have taken longer to achieve.  In this regard, *Gisbrecht's* instruction to avoid "windfalls" does not "support the proposition that experienced, competent counsel should be punished for accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel." *Jeter*, 622 F. 3d at 380.  Considering all the relevant factors, the Court finds the requested fee to be reasonable and not a windfall.

### IV.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Accordingly, this Court **RECOMMENDS** that Plaintiff's Attorney's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) (DE 18) be **GRANTED** and that Plaintiff's counsel be awarded a total of $6,987.75, subject to the requisite refund to Plaintiff of the prior EAJA award of $868.08.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 18th day of October 2024.

_____
RYON M. MCCABE
U.S. MAGISTRATE JUDGE